## Case No. 2.

### In re A. B.

[3 Ben. 66.][1]

District Court, S. D. New York. Dec., 1868.

BANKRUPTCY—CHOICE OF ASSIGNEE.

Where, at the first meeting of a bankrupt's creditors, but one creditor appeared, and he proved his debt, and elected as assignee a person who was present, and it appeared that this person was a stranger to the creditor, and had informed him of the meeting, and solicited the creditor's vote for himself as assignee: *Held*, that the election of an assignee made under such circumstances could not be sanctioned.

In bankruptcy.

BLATCHFORD, District Judge. In this case the register, in transmitting to the court the result of the first meeting of creditors, certifies to the court, that, at such meeting, one creditor who had proved his debt appeared; that only one debt was proved; that the register inquired of such creditor if he desired to elect an assignee; that such creditor replied that he would elect Mr. C. D., who was present; that, as Mr. C. D. had been elected in six out of the last ten cases before the register, the register thought it right to make inquiries of the creditor concerning the choice, and elicited from him the statement, that Mr. C. D. was a stranger to him, and called at his place of business on the day preceding, with one of the notices to creditors, which was the first he had heard of the meeting, and called his attention to the notice, and solicited of him that he would prove his debt and elect Mr. C. D. as the assignee of the bankrupt, and,

---

[2][Reversed by court of appeals in Coughtry v. Globe Woolen Co., 56 N. Y. 124.]

[1][Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

after consultation, it was agreed that he should attend the meeting of creditors and swear to his claim and vote for Mr. C. D. as assignee; and that this statement was made in the presence of Mr. C. D., who remarked that, if he had not so called upon the creditor, the creditor would never have known of the meeting. The register remarks, that he saw nothing in the conduct of Mr. C. D. in any way disingenuous, but that, on the other hand, Mr. C. D. was understood by the register to claim that it was not improper thus to procure himself to be elected. The register states that he certifies the case to the court, that it may be fully advised of the facts of the case, in passing upon the question of the approval or disapproval of the assignee so elected, only suggesting the inquiry whether it would be a wholesome proceeding, if adopted and approved by this court.

In addition to the facts stated in the certificate above mentioned, I have been addressed on the subject by Mr. C. D. himself, who states that he proposes to make a regular business of seeking out creditors of bankrupts and soliciting them to prove their debts and vote for him as assignee, with a view to such pecuniary emoluments as may legitimately belong to the position. He is very frank on the subject, and states that he had no idea there was anything improper in what he had done or proposed doing, and that, if the court thought there was, he would at once desist. I have before me now, unapproved as yet, the election of the same Mr. C. D. as assignee, in another case, at an earlier date, before the same register. I have also before me, unapproved as yet, his election as assignee in three other cases before three other and different registers. So far as appears from these cases, his election was made in each of them by a single creditor.

To knowingly sanction the election of an assignee made under circumstances such as those above stated would be to open the door to abuses whose character can be well conjectured. A free election, proceeding from the real choice of the creditors, is one thing. An election persuaded by the importunity of the proposed assignee, exercised upon indifferent creditors, is another thing. The elections are disapproved in all of the cases above-mentioned.

## Case No. 3.
### In re A. B.
[3 N. B. R. (1869,) 244. (Quarto 58.)]
District Court, D. Maine.
BANKRUPTCY — POWER OF REGISTER—COMPELLING CONVEYANCE BY BANKRUPT.
[A register has no power, on motion of the assignee and creditors in bankruptcy, to order the bankrupt to execute deeds releasing an interest held at the time of filing his petition.]

[In bankruptcy. Certificate to district judge by register of question arising in proceedings.]
[Statement by Charles Hamlin, Register:]
Upon the examination of said bankrupt in behalf of said creditors, the assignee being present, the following question was proposed to said bankrupt, viz.: "Referring to the conveyance requested by the assignee, please state whether you are now willing to execute them." The bankrupt answered: "Upon consulting with my counsel, present, I decline signing the deeds, unless otherwise directed by the court." The deeds referred to are release deeds of an interest of the bankrupt, which he had at the time of filing his petition in bankruptcy in Penobscot county, in this district. The counsel of said creditors and assignee then moved before me, that I order the bankrupt to execute said deeds.

Mr. Crosby, for creditors, and Judge Humphrey, assignee, spoke to the point that the execution of the deeds by the bankrupt would enable the assignee to sell the property at better terms, he thereby having the title to the same as it appeared of record.

McCrillis & Varney, for bankrupt, spoke to the point that all of the bankrupt's title to the property was now vested absolutely in the assignee, by the assignment under section 14, and that the "instruments, deeds, and writings" named in general clause 59, (Rice's Manual,) section 14, of bankrupt act, contemplate real property situate beyond the jurisdiction of the court, or beyond the limits of the United States.

### Opinion by Register.
I decided that I had no power to make the order requested, being of the opinion that the application should be made to the judge of this court. I did not pass upon the question of the right of the assignee as to whether or not, under sections 14, 15, and 26, the bankrupt ought or not to execute the conveyances. And the said parties requested that the same should be certified to the judge, for his opinion thereon.

FOX, District Judge. Decision approved.

———, A Bankrupt, In re.
[See Anonymous, Case No. 463.]

———, A Bankrupt, In re.
[See In re Doe, Case No. 3,957.]

## Case No. 4.
### In re ABBE.
[2 N. B. R. 75, (Quarto, 26;) 7 Amer. Law Reg. (N. S.) 824; 15 Pittsb. Leg. J. 589.]
District Court, D. New Jersey. 1868.
BANKRUPTCY—PARTNERSHIP—DISCHARGE—PARTIES.
[Where a member of a late copartnership files his individual petition under the bankrupt